**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORRINE MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1553 AGF |
| | ) | |
| FAMILY HEALTH CARE CTR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, a resident of St. Louis, Missouri, brings this action against the Family Health Care Center, Dr. Caroline Day and Irene LNU, alleging that defendants violated St. Louis "City Ordinance 67119."[1]

In the "Statement of Claim," section of the complaint, plaintiff alleges that "Dr. Caroline Day and her Assistant Irene LNU that I could not be seeing or make doctor appointments over phone (TTY) with out the assistance of someone at places for people."  Plaintiff does not state how or why she believes this alleged behavior was unlawful.  In her request for relief, plaintiff states that she would like her case to be tried in federal court, and she seeks monetary damages as a result of the purported wrongdoing.

Attached to plaintiff's complaint is a notice of right to sue from the St. Louis Civil Rights Enforcement Agency ("CREA"), issued on June 3, 2013.  In the notice of right to sue, plaintiff is notified by CREA that she has ninety (90) days of the date of

---

[1]From research into St. Louis "Ordinance 67119," this ordinance appears to relate to the St. Louis Civil Rights Enforcement Agency, its jurisdiction, powers and staff.

the issuance of the letter to bring a civil action against the Family Health Care Center (the named respondent) in <u>Missouri State Circuit Court</u>. (emphasis added).

**Discussion**

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of federal-court subject matter jurisdiction. There is no indication that the amount in controversy exceeds $75,000, and complete diversity of citizenship is lacking in that both plaintiff and defendants are stated to be Missouri residents. <u>See</u> 28 U.S.C. § 1332.

Moreover, there is no indication that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Although plaintiff may be attempting to allege some sort of unlawful behavior, none of the named defendants is alleged to be a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983. As such, this matter must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 12(h)(3).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of August, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE